UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LANDON M. PRICE,
Plaintiff

vs

RICHARD K. JONES, et al.,
Defendants

Case No. 1:12-cv-360

Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Butler County Jail in Hamilton, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.; see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against Richard K. Jones, the Butler County Sheriff; Lt. Bunnel, the Warden of the Butler County Jail; and an "unknown" United States Marshal in Cincinnati, Ohio. Plaintiff alleges that he is a federal prisoner who was placed at the Butler County Jail by the defendant United States Marshal on February 28, 2012 under an arrangement with the Butler County Sheriff. (*See* Doc. 1, Complaint, pp. 5-7). He asserts three claims in his complaint challenging the conditions of confinement at the Butler County Jail.

First, plaintiff complains about the meals served at the Butler County Jail. (*See id.*, pp. 7-9). He alleges that the meals, which are provided three times a day, fail to meet state and federal regulations and standards. (*Id.*, pp. 7-8). He has submitted as an exhibit a "detailed statement of the contents of each meal" served during a seven-day period at the jail. (*See id.*, "Exhibit B"). He claims that the exhibit "clearly shows" the following:

> "[A]ll" of the meals are far below the nutritional and calorie amount. Most meals are served cold, over-cooked, and the bread products are always dry and stale. There is no fruit, meat or juice served of any kind[;] the "main" substance

>of the meals are soy powder mixed in with potato[e]s, rice and noodles, with such being very small portions served.

(*Id.*, p. 8). Plaintiff alleges that he has lost weight and "suffers from having hunger pains throughout the day" and night. (*Id.*). He also claims that he has had to be placed back on "psychotropic medications" because he is "stressed out and depressed from being hungry." (*Id.* pp. 8-9).

Second, plaintiff claims that he "is being denied proper medical treatment by the defendants," who have failed to provide him with prescribed medications or any treatment by a physician for his depression. (*Id.*, pp. 9-11). Finally, plaintiff claims that he "is being denied his right to exercise his religious beliefs" and his right to equal protection of the laws because, unlike inmates of other races who "apply for the religious Kosher diet and are placed on it immediately," the defendants have ignored his numerous requests to be provided Kosher meals. (*Id.*, pp. 11-12).

Liberally construing the complaint, the undersigned concludes at this juncture that plaintiff's allegations against the defendants Butler County Sheriff and Warden of the Butler County Jail pertaining to the denial of medical care and a Kosher diet are worthy of further development and may proceed. *See* 28 U.S.C. § 1915(e)(2)(B).

However, plaintiff has not alleged sufficient facts linking the "unknown" United States Marshal, who has been named as a third defendant, to the alleged violations at the Butler County Jail. Plaintiff has only alleged that because he is a federal inmate, the United States Marshal was responsible for monitoring his "care and well being" while he was housed at the jail. To the extent these allegations suggest that the United States Marshal maintained a

4

supervisory role over plaintiff's custody as a federal prisoner, they are insufficient to state a claim for relief. Government officials "may not be held liable . . . under a theory of *respondeat superior*" in either § 1983 actions or *Bivens* actions brought against federal officials. *Ashcroft*, 556 U.S. at 675-76 (and cases cited therein). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. In the absence of any factual allegations or evidence showing that the federal marshal actually participated in the alleged constitutional violations at the Butler County Jail or had authority over the jail's operation and management, plaintiff's allegations against that individual are simply too tenuous to state an actionable claim for relief. Therefore, the "unknown" United States Marshal should be dismissed as a defendant in this action.

In addition, plaintiff's allegations pertaining to the meals that are provided at the Butler County Jail fail to state a claim for relief. The deprivation of life's necessities, such as food or water, can constitute a claim of cruel and unusual punishment in violation of the Eighth Amendment, which is actionable under 42 U.S.C. § 1983. *See Richmond v. Settles,* 450 F. App'x 448, 456 (6th Cir. 2011) (citing *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 512 (6th Cir. 2001)). "The Eight Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate . . . food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). In order to state a claim of an Eighth Amendment violation, the plaintiff must allege (1) a deprivation that is "objectively sufficiently serious;" and (2) the defendants were deliberately indifferent, or in other words,

were "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also [drew] the inference." *Id.* (quoting *Farmer*, 511 U.S. at 834, 837).

Generally, complaints about the preparation or quality of prison food are "far removed from Eighth Amendment concerns." *Cain v. MDOC,* 1:07cv543, 2008 WL 8224197, at *27 (W.D. Mich. Mar. 31, 2008) (Report & Recommendation) (quoting *Cunningham v. Jones,* 567 F.2d 653, 659-60 (6th Cir. 1977)), *adopted,* 2011 WL 446050 (W.D. Mich. Feb. 1, 2011); *see also Allen v. Aramark Corp.*, Civ. Act. No. 3:07cv-P260-M, 2007 WL 3120088, at *5 (W.D. Ky. Oct. 23, 2007) ("there is no constitutional right that the food provided [to prisoners] must be tasty or even appetizing"). The Eighth Amendment is implicated only when the food provided is inadequate "to maintain normal health." *Cunningham,* 567 F.2d at 660; *Cain, supra,* 2008 WL 8224197, at *27 (and numerous cases cited therein); *Allen, supra,* 2007 WL 3120088, at *5; *see also Richmond,* 450 F. App'x at 456 (holding that the withholding of seven meals in a six-day period did not constitute an Eighth Amendment violation, despite the fact that the prisoner may have suffered "some discomfort," where the deprivation did "not result in a health risk to the prisoner" and the "prisoner continue[d] to receive adequate nutrition"); *Berryman v. Johnson,* Nos. 88-1239, 88-1280, 1991 WL 150808, at *14 (6th Cir. Aug. 6, 1991) (holding that "subjecting a prisoner to dietary conditions likely to be injurious to his health" implicates the Eighth Amendment, while emphasizing that it is the "health of the inmate" that is the primary concern in assessing the merits of the constitutional issue).

Here, plaintiff's allegations do not state a claim of an Eighth Amendment violation. To the extent that plaintiff alleges that meals at the Butler County Jail are "cold, over-cooked, and

6

the bread products are always dry and stale," and otherwise complains about the preparation and quality of the food served there, he does not allege an objectively serious deprivation triggering Eighth Amendment concerns. *Cf. Allen, supra,* 2007 WL 3120088, at * 5; *Cain, supra,* 2008 WL 8224197, at *27-28 (and cases cited therein).

Moreover, to the extent that plaintiff has claimed that the meals provided are nutritionally inadequate and lack sufficient caloric content, he has not alleged that his health has suffered as a result of the alleged inadequacies or at least to such a degree that the defendants have acted with deliberate indifference. The undersigned has reviewed the exhibit provided by plaintiff detailing the content of the meals he received over a seven-day period at the jail. The exhibit shows that plaintiff is provided three meals a day that appear to meet basic standards of decency despite plaintiff's unsupported conclusory allegations regarding the caloric content of each meal. In any event, plaintiff's allegations that he has lost weight and suffers from "hunger pangs" are insufficient, standing alone, to establish injury to his health as a result of any inadequacy in the amount of food served at the jail. Certainly, the allegations are insufficient to establish the degree of deprivation that would have placed the defendants on notice of the existence of a "substantial risk of serious harm." *See Young ex rel. Estate of Young,* 51 F. App'x at 513. Plaintiff has also alleged that he is "stressed out and depressed from being hungry." However, the Sixth Circuit recently rejected the argument that "mental anguish" suffered as a result of alleged meal deprivations is sufficient to establish an Eighth Amendment violation. *Richmond,* 450 F.3d at 456. The court held: "Such a claim is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.* (citing *Jennings v.*

*Mitchell,* 93 F. App'x 723, 724-25 (6th Cir. 2004)). Therefore, plaintiff's allegations are insufficient to state a claim that the meals served at the Butler County Jail amount to cruel and unusual punishment under the Eighth Amendment.

Accordingly, in sum, the undersigned concludes that the "unknown" United States Marshal should be dismissed as a defendant in this case and that plaintiff's claim pertaining to the meals provided at the Butler County Jail should be dismissed for failure to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against the "unknown" United States Marshal be **DISMISSED**, and plaintiff's claim challenging the adequacy of the food at the Butler County Jail be **DISMISSED** on the ground that plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Only plaintiff's claims against the Butler County Sheriff and Warden of the Butler County Jail pertaining to the alleged denial of medical treatment and a Kosher diet should be allowed to proceed. *See* 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Richard K. Jones and Lt. Bunnel as directed by plaintiff. All costs of service shall be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for

consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

   3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 5/18/12

Karen L. Litkovitz
United States Magistrate Judge

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LANDON M. PRICE,
Plaintiff

vs

RICHARD K. JONES, et al.,
Defendants

Case No. 1:12-cv-360

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).