UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LANDON M. PRICE,<br>    Plaintiff, | Case No. 1:12-cv-360 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| RICHARD K. JONES, SHERIFF, *et al.*,<br>    Defendants. | **ORDER AND REPORT AND<br>RECOMMENDATION** |

Plaintiff, a former inmate at the Butler County Jail, brings this prisoner civil rights action under 42 U.S.C. § 1983. This matter is before the Court on pro se plaintiff's motion to produce witnesses (Doc. 5), motion to amend the complaint (Doc. 16), and motion for default judgment. (Doc. 18). Defendants have not filed a response to any of these motions.

## I.     Plaintiff's Motion to Produce Witnesses (Doc. 5)

On May 21, 2012, plaintiff filed a complaint alleging that while he was a prisoner at Butler County Jail, defendants violated his constitutional rights and state and federal law by failing to provide him with nutritionally adequate meals and were deliberately indifferent to his serious medical needs. (Doc. 3). Defendants filed their answer to the complaint on June 21, 2012. (Doc. 12). The Court set a discovery deadline of December 21, 2012 and a dispositive motion deadline of January 21, 2013. (Doc. 13). The discovery deadline has now passed and defendants have filed a motion for summary judgment (Doc. 19) which, at the time of this writing, is not yet ripe.

On May 21, 2012, plaintiff filed a "motion to produce witnesses in support of the plaintiff's civil complaint." (Doc. 5 at 1). In his motion, plaintiff asserts that he has filed valid claims against defendants due to their alleged failure to provide him adequately nutritious meals. *Id.* at 2. Plaintiff asserts that the lack of a proper diet "is witnessed by all of the inmates listed

below[,]" after which plaintiff lists the names and prisoner identification numbers of 22 individuals, including himself. *Id.* at 3-5. However, plaintiff's motion does not identify the particular relief he is seeing from the Court. Rather, it appears that plaintiff is simply identifying witnesses upon whom he intends to rely in prosecuting his lawsuit in conformity with Federal Rule of Civil Procedure 26(a)(1). *See* Fed. R. Civ. P. 26(a)(1) (parties have a duty to disclose witnesses prior to the receipt of any discovery request). The undersigned finds that plaintiff's motion should be construed as a Rule 26(a)(1) disclosure and not a motion for discovery. Accordingly, plaintiff's motion for witnesses (Doc. 5) is **DENIED**.

**II.     Plaintiff's Motion to Amend the Complaint (Doc. 16)**

On July 6, 2012, plaintiff filed a motion to amend his complaint to include allegations that he was assaulted by defendant C/O Riggins as a result of filing the instant lawsuit. (Doc. 16 at 1). Plaintiff's motion includes the following allegations:

> On or about June 24th, 2012, Corrections Officer Riggins was sent to A pod in the Butler County Jail to escort [p]laintiff to F Pod. C/O Riggins was acting very intimidating and aggressive towards [p]laintiff causing him a great deal of discomfort and causing [p]laintiff to fear for his safety. As [p]laintiff was packing his belongings [C/O Riggins] stood over [p]laintiff making comments that where (sic) disrespectful and demeaning stating, "You think your (sic) tough you AB KKK Bitch, I'll fuck you up." As [p]laintiff finished packing his belongings he walked out of his cell onto the top range from cell 36 . . . and walked toward the front of A pod. At this time, C/O Riggins did run up on [p]laintiff from behind, hitting plaintiff with a fist, in the back of the head, knocking [p]laintiff to the ground. C/O Riggins proceeded to punch and kick [p]laintiff after [p]laintiff fell to the floor and curled up in a ball on the floor. C/O Riggins then proceeded to lay on top of [p]laintiff punching him repeatedly over and over yelling '[s]ew (sic) me you white bitch, who the fuck do you think you are.' C/O Riggins proceeded to punch [p]laintiff calling him a KKK bitch several times and yelled 'this is how the niggaz (sic) do it you pink bitch.' After about 3 to 5 min[utes] of this brutal beating the other C/Os got to A pod and told C/O Riggins to stop assaulting [p]laintiff. The [p]laintiff at this time, followed the [i]nstructions given him by the corrections officers and placed his hands behind his back to be handcuffed. All of the inmates in A pod top range where on recreation and witnessed this assult (sic) on [p]laintiff.

*Id.* at 2-3. Plaintiff further alleges that C/O Riggins threatened to physically beat him in the future and that other corrections officers strapped him into a restraint chair that caused plaintiff physical injury. *Id.* at 4. After he was removed from the chair, plaintiff alleges he was given a Velcro gown to wear and placed in an observation cell. *Id.* at 5. Plaintiff further alleges that the following day, his attorney visited him and upon seeing his physical injuries requested that plaintiff be relocated to the Boone County Jail, where he is presently being held. *Id.*

In the absence of any opposition by defendants, and because leave to amend "shall be freely granted when justice so requires," Fed. R. Civ. P. 15(a); *Moore v. City of Paducah,* 790 F.2d 557, 559-60 (6th Cir. 1986), the Court finds that plaintiff's motion to amend the complaint to add C/O Riggins as a defendant is well-taken and therefore is **GRANTED**.

Plaintiff is **ORDERED** to submit a copy of his original and amended complaints, a summons form, and a United States Marshal form for defendant Riggins so service of process may be made on this defendant within **twenty (20) days** of the date of this Order. Upon receipt of these documents, the Court shall order service of process by the United States Marshal.

The Clerk of Court is **DIRECTED** to send plaintiff's summons and United States Marshal forms for this purpose.

### III. Plaintiff's Motion for Default Judgment (Doc. 18)

Plaintiff moves for default judgment against defendants asserting that they have failed to timely file a response to his amended complaint. However, the mere fact that plaintiff filed a motion to amend his complaint does not trigger defendants' duty to file a responsive pleading. That duty is only triggered once the motion to amend is granted and the complaint is filed and served on defendants. *See* Fed. R. Civ. P. 12. As plaintiff's motion was filed prior to the instant order allowing the filing of his amended complaint, it is premature. Accordingly, the undersigned recommends that plaintiff's motion for default judgment be **DENIED**.

3

**IV. Conclusion**

For the reasons stated herein, **IT IS ORDERED THAT** plaintiff's motion to amend (Doc. 16) is **GRANTED** and plaintiff's motion for witnesses (Doc. 5) is **DENIED**. Further, **IT IS RECOMMENDED THAT** plaintiff's motion for default judgment (Doc. 18) be **DENIED**.

Date: 1/25/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LANDON M. PRICE,
Plaintiff,

Case No. 1:12-cv-360

Dlott, J.
Litkovitz, M.J.

vs.

RICHARD K. JONES, SHERIFF, *et al.*,
Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5