UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LANDON M. PRICE,<br>Plaintiff, | Case No. 1:12-cv-360 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| RICHARD K. JONES, SHERIFF, *et al.*,<br>Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

This action is before the Court on defendants Richard K. Jones and Lt. Bunnell's (defendants) motion for summary judgment (Doc. 19), plaintiff's response in opposition (Doc. 32), and defendants' reply. (Doc. 34). Also before the Court is plaintiff's motion for an extension of time (Doc. 33) to which defendants have not responded.

## I. Background

Plaintiff Landon Price, a former inmate at the Butler County Jail, filed this case pro se, pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff initially brought three claims: a claim challenging the adequacy of the food at the Butler County Jail; a deliberate indifference to medical needs claim; and a claim that defendants violated his First Amendment right to exercise his religious beliefs by denying his request for a kosher diet. (Doc. 3). Pursuant to the Court's *sua sponte* review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), plaintiff's claim challenging the adequacy of the food at Butler County Jail was dismissed for failure to state a claim for relief. (Doc. 9). Plaintiff was subsequently granted leave to amend his complaint to include a claim against a new defendant, C/O Riggins, whom plaintiff alleges violated his Eighth Amendment rights by threatening him and using physical violence against him.[1] (Doc. 21).

---

[1] Defendants' summary judgment motion relates only to plaintiff's deliberate indifference and religious accommodations claims to which C/O Riggins is not a party.

As to his deliberate indifference to medical needs claim, plaintiff alleges that during his initial booking into Butler County Jail he informed jail employees that he required medication for depression and mood swings. (Doc. 3 at 9-10). Plaintiff further alleges that he was denied necessary medications and psychiatric care in violation of his constitutional rights. *Id.* at 10-11. Plaintiff also claims defendants violated his religious rights by refusing his request to be placed on a kosher diet. Plaintiff alleges he made four separate requests for a kosher diet and as of the date of the filing of his original complaint, he was not receiving kosher foods at the Butler County Jail. *Id.* at 12. Plaintiff also seeks a court order requiring defendants to correct the above violations. *Id.* at 13.

Defendants move for summary judgment on plaintiff's deliberate indifference and religious accommodations claims asserting that there are no material factual issues in dispute and, consequently, they are entitled to judgment as a matter of law.

## II. Facts

Plaintiff was housed at the Butler County Jail as a federal pretrial detainee. *See* Doc. 1, Complaint, pp. 5-7. Plaintiff notified the Butler County Jail medical staff that he required pain medication for a pre-existing back impairment and requested Ultram (tramadol). (Doc. 32 at 2-3, plaintiff's response to defendants' summary judgment motion).[2] Plaintiff further informed the medical staff that he was unable to take Motrin (ibuprofen) for pain due to stomach issues. *Id.* The medical staff refused plaintiff's request for Ultram (tramadol), asserting that it was a narcotic. (Doc. 32 at 3). Plaintiff was offered Motrin for pain but declined to take it. (Doc. 19, Ex. C, March 1, 2012 Inmate Medical Record). Plaintiff also notified the medical staff that he

---

[2] The Court construes plaintiff's representations in his response to defendants' motion as an affidavit pursuant to 28 U.S.C. § 1746. *See Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475-76 (6th Cir. 2002) (courts may consider unsworn, undated documents in ruling on summary judgment where they otherwise substantially comply with the requirements of § 1746).

2

was in need of psychiatric care for stress, anxiety, and depression and filed grievances to this effect. (Doc. 19, Exs. E, F, April 15, 2012 and June 2, 2012 Inmate Grievance forms). Notations on these grievance forms indicate that plaintiff's requests were forwarded to medical personnel. *Id.* Plaintiff was provided Neurontin (gabapentin), a pain medication,[3] and Remeron (mirtazapine), an anti-depressant,[4] but these medications were subsequently discontinued when a Butler County Jail medic was informed that plaintiff had been discovered with a bag containing seven Neurontin and two Remeron pills. (Doc. 19, Ex. G, Jail Incident Report).

Plaintiff requested that he be placed on a kosher diet for religious reasons. (Doc. 32 at 9). *See also* Doc. 32 at 15-16 (April 15, 2012 Inmate Grievance form and April 11, 2012 Inmate Services Request form). The February 28, 2012 Butler County Jail screen form for plaintiff indicates that plaintiff indicated no religious preference at his initial screening. (Doc. 19, Ex. B). However, the record includes evidence that plaintiff's request for a kosher diet was approved on April 14, 2012 and, consequently, his April 15, 2012 grievance was denied. (Doc. 32 at 15).

### III. Summary Judgment Standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. The Court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). The evidence of

---

[3] *See* http://www.nlm.nih.gov/medlineplus/druginfo/meds/a694007.html (last visited June 3, 2013).
[4] *See* http://www.fda.gov/ohrms/dockets/ac/04/briefing/2004-4065b1-26-tab11g-remeron-tabs-slr016.pdf

3

the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)). However, a district court need not view the facts in the light most favorable to the nonmoving party if that party's version of events is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

When a defendant has identified the shortfall in a plaintiff's case, the plaintiff must come forward with evidence establishing a material issue of fact for resolution by the fact-finder. *Anderson*, 477 U.S. at 252. The Court is not obligated to "comb through the record to ascertain whether a genuine issue of material fact exists." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000) (citing *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407, 410 (6th Cir. 1992)).

The Court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* (citing *Cities Serv.*, 391 U.S. at 288-289). If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967), or is not significantly probative, *Cities Serv.*, 391 U.S. at 290, judgment may be granted. *Anderson*, 477 U.S. at 249.

## IV. Resolution

Defendants assert they are entitled to summary judgment on plaintiff's deliberate indifference claim as: (1) plaintiff has provided no evidence that any purported failure to provide medical care resulted in a serious injury; (2) plaintiff was provided medication but declined to take it; and (3) plaintiff's allegations are merely a difference of opinion as to what treatment he should have received. Defendants further contend plaintiff's religious accommodations claim

---

(last visited June 3, 2013).

4

should be dismissed as plaintiff has not alleged any facts demonstrating that defendants were personally involved in denying his kosher meal requests or that the alleged denial was intentional. Lastly, defendants assert that plaintiff's request for a court order requiring defendants to cure the alleged unconstitutional violations should be construed as a request for injunctive relief and denied as plaintiff is no longer an inmate at Butler County Jail. (Doc. 19).

A. <u>Deliberate Indifference Claim</u>

During the relevant time period, plaintiff was a federal pretrial detainee housed at the Butler County Jail pending his criminal trial. *See* Doc. 1, Complaint, pp. 5-7. Through the Due Process Clause of the Fourteenth Amendment, pretrial detainees are entitled to the same Eighth Amendment rights as are other inmates. *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994).

To establish his claim for relief under 42 U.S.C. § 1983 for a denial of medical care, plaintiff must present evidence showing "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *See also Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009). An inmate who is allowed to suffer needlessly through a denial of medical care when relief is available has a cause of action under the Eighth Amendment against an individual whose deliberate indifference caused the suffering. *Id*; *Byrd v. Wilson*, 701 F.2d 592, 594 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). Such a claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seizer*, 501 U.S. 294, 297-300 (1991). *See also Spears*, 589 F.3d at 254.

The objective component requires that the deprivation alleged be "sufficiently serious." *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 298). "[O]nly those deprivations denying

'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994).

Under the subjective component, plaintiff must establish that defendants acted with deliberate indifference to his serious medical needs, *Estelle*, 429 U.S. at 106; *see also Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 302-303, which requires evidence that defendants ignored a known risk of harm. *Farmer*, 511 U.S. at 837, 842. A prison official may be held liable for denying an inmate humane conditions of confinement only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than lack of due care for a prisoner's health or safety before an Eighth Amendment violation will be found. *Id.* at 835. *See also Whitley*, 475 U.S. at 319. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. It is not enough that the official "should" have perceived a significant risk, but did not. *Id.* Moreover, liability will not be found where a prison official actually knew of a substantial risk of harm to an inmate if he responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer*, 511 U.S. at 844. Applying these standards to the instant case, the Court concludes that plaintiff fails to establish an Eighth Amendment claim against defendants.

Plaintiff has failed to meet either the objective or subjective component of his deliberate indifference claim. The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves

"minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cty., Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001). Unlike cases where the seriousness of the injury or illness is obvious to even a lay person, here, the seriousness of the purported denial of providing plaintiff with requested medications cannot be discerned without competent medical proof. *Blackmore*, 390 F.3d at 899.

Assuming for purposes of the motion for summary judgment that plaintiff's back pain and psychiatric condition are serious medical needs, plaintiff nevertheless fails to present verifying medical evidence establishing he suffered any detrimental effect from the delay in receiving treatment. *Napier*, 238 F.3d at 742. The medical evidence presented by defendants shows that plaintiff was prescribed Neurontin (a pain medication) and Remeron (an anti-depressant) at some point during his four month incarceration at the Butler County Jail, but that these medications were discontinued when it was discovered that plaintiff was hoarding the medications. While plaintiff denies he ever hoarded the medication, this disputed fact is not material because plaintiff has not presented any verifying medical evidence that either before or after these medications were discontinued, the failure to receive this or any other medication resulted in a serious medical injury or harm.

In a similar vein, plaintiff concedes that he was offered Motrin (ibuprofen) by jail medical staff to address his complaints of pain while at the Butler County Jail. (Doc. 32 at 2-3). Plaintiff asserts, however, that he refused this medication because it "compr[o]mi[s]es the lining of [his] stomach and causes internal bleeding with prolonged use." (Doc. 32 at 2-3). Yet, plaintiff fails to provide any medical evidence verifying an inability to tolerate the medication

offered by the medical staff. Without medical evidence verifying his medical need for an alternative medication or the detrimental effect from any alleged delay in receiving treatment, plaintiff fails to establish the objective component of his deliberate indifference claim. *See Napier*, 238 F.3d at 739.

Plaintiff also fails to establish the subjective component of his deliberate indifference claim. Plaintiff has not presented evidence establishing that defendant Jones or defendant Bunnell were personally aware of his alleged medical conditions or needs. (Doc. 33). Without knowledge of his medical conditions, defendants Jones and Bunnell "would not have been aware that plaintiff faced any potential risk of substantial harm and thus, plaintiff has not satisfied the subjective prong of a deliberate indifference claim." *Moore v. Tanner*, No. 07-cv-10442, 2008 WL 3876346, at *11 (E.D. Mich. Aug. 18, 2008) (citing *Holmes v. Sheahan*, 930 F.2d 1196, 1200 (7th Cir. 1991) (defendants are entitled to summary judgment on a deliberate indifference claim where the plaintiff proffers no evidence demonstrating defendants had knowledge of the plaintiff's medical condition)). Defendant Jones' position as the Butler County Sheriff and defendant Bunnell's position as the jail warden, by themselves, are insufficient to establish liability against these defendants.[5] *See Hays v. Jefferson Cty.*, 668 F.2d 869 (6th Cir. 1982) ("[L]iability of supervisory personnel must be based on more than merely the right to control employees. Without more, such a theory would allow liability on a respondeat superior

---

[5] The evidence submitted by defendants shows that two of plaintiff's grievances were addressed to defendant Warden Bunnell and concerned plaintiff's medical treatment. (Doc. 19, Exh. E, F). There is a notation that one grievance was forwarded to "medical administration" and that the other was addressed by "medical." This evidence, by itself, does not establish that defendant Bunnell knew plaintiff faced "a substantial risk of serious harm" and disregarded that risk by failing to take reasonable action in response. *Farmer*, 511 U.S. at 847. There is no evidence showing that defendant Bunnell actually received the grievances. More importantly, plaintiff fails to present any evidence showing that defendant Bunnell ignored or failed to respond to plaintiff's grievances. To the contrary, it appears both grievances were forwarded to the medical department for action.

8

basis – a basis expressly rejected by the Supreme Court in *Monell v. [Dept. of Soc. Srvs.,]* 436 U.S. 658 (1978).").

In addition, the evidence proffered by defendants demonstrates that plaintiff received medical treatment and that plaintiff's allegations are simply a difference of opinion between plaintiff and his medical providers as to whether the medical treatment provided was adequate. *See* Doc. 19, Ex. C (plaintiff's inmate medical records from Butler County Jail from March to June 2012 indicate plaintiff requested Tramadol for pain and was offered Motrin (ibuprofen) but refused it). Such differences in opinion regarding the adequacy of treatment are insufficient to constitute deliberate indifference to medical needs. *See Estelle*, 429 U.S. at 107-08; *Westlake*, 537 F.2d at 860-61 n.5. Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*, 537 F.2d at 860 n. 5. *See also Tester v. Hurm*, No. 09-318, 2011 WL 6056407, at *2 (E.D. Ky. Dec. 6, 2011) (plaintiff failed to establish deliberate indifference claim where prison officials refused to provide inmate Tramadol due to its narcotic effects).

At the summary judgment stage, plaintiff is required to present verifiable medical evidence of harm resulting from the lack of or delay in medical treatment for his purported injuries and conditions and that such harm was attributable to defendants. Plaintiff has failed to do so. Consequently, plaintiff has failed to demonstrate that the defendants' purported refusal to provide him with requested treatment rises to the level of a constitutional violation. Defendants' motion for summary judgment on plaintiff's deliberate indifference claim should be granted.

B. Religious Accommodations Claim

Plaintiff alleges defendants violated his First Amendment right to exercise his religious

beliefs when they denied his request for a kosher diet while at the Butler County Jail. (Doc. 3 at 11-12). Defendants move for summary judgment, asserting that plaintiff has alleged no facts and can provide no evidence demonstrating that defendants were personally involved in any alleged denial of plaintiff's request for kosher foods. For the following reasons, defendants' motion is well-taken.

To prevail on his First Amendment religious accommodations claim, plaintiff "must establish that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States." *Dorsey v. Barber*, 517 F.3d 389, 394 (6th Cir. 2008). The Sixth Circuit has recognized that inmates have a right to be provided diets that do not violate their religious dietary restrictions. *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002). Thus, in order to establish his religious accommodations claim, plaintiff must demonstrate both that he was denied a kosher diet and that defendants "encouraged the specific incident of misconduct in some way or in some other way directly participated in it." *Cardinal v. Metrish*, 564 F.3d 794, 802-803 (6th Cir. 2009) (internal citations and quotations omitted). "At a minimum a plaintiff must show that the [defendants] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . . ." *Id.* (quoting *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002)).

Here, plaintiff's response to defendants' motion includes no evidence, nor does plaintiff even argue, that defendants were personally involved in the decision-making process regarding the kosher diet request. As plaintiff has failed to put forth evidence demonstrating defendants' personal involvement in the alleged constitutional violation, summary judgment in favor of defendants is appropriate. *See Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (affirming grant of summary judgment in favor of defendant prison officials where plaintiff failed to

establish defendants were "actively involved" in the denial of plaintiff's request for kosher food); *Cardinal*, 564 F.3d 803 (same).

Further, defendants have proffered evidence demonstrating that upon booking, plaintiff did not notify officials at the Butler County Jail that he required a kosher diet. *See* Doc. 19, Ex. B (February 28, 2012 Screening Form). While plaintiff asserts that he did not provide the responses in the form, *see* Doc. 32 at 5-7, he has failed to support this assertion with any admissible evidence.[6] Further, the evidence of record demonstrates that plaintiff made the request for kosher food on April 8, 2012 (Doc. 19, Ex. I) and it was granted on April 14, 2012. (Doc. 19, Ex. L). Accordingly, plaintiff's request for a kosher diet was not denied, but merely delayed for a period of one week. A short delay in granting a dietary request is insufficient to establish a First Amendment violation. *See Tapp v. Proto*, 404 F. App'x 563, 565 (3d Cir. 2010) (inmate's constitutional rights not violated where prison provided kosher meals within two weeks after initial request was made).

As plaintiff has failed to put forth any evidence demonstrating that defendants were actively involved in any refusal or delay regarding his request for kosher foods, defendants' motion for summary judgment on plaintiff's religious accommodations claim should be granted.

C. <u>Injunctive Relief</u>

Plaintiff's complaint includes a request "that the Court issue an order to each of the defendants to correct all violations stated herein." (Doc. 3 at 13). It is undisputed that plaintiff no longer resides at the Butler County Jail in Ohio. *See* Doc. 17 (plaintiff notified the Court in

---

[6] Plaintiff's has included a one-page statement by a Ms. Sharon Lohnes which provides the following: "I, Sharon Lohnes, swear that [plaintiff] has been on a kosher diet for over 5 (five) years." (Doc. 32 at 17). Only admissible evidence may be considered when ruling on a summary judgment motion. *Smoot v. United Transp. Union*, 246 F.3d 633, 649 (6th Cir. 2001). Because Ms. Lohnes' statement is unsworn, the Court may not consider it in determining the instant motion. *See Doe v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991). *See also Moore v. Holbrook*, 2 F.3d 697, 698-99 (6th Cir. 1993) (describing elements of admissible statements).

June 2012 of his new address in Burlington, Kentucky). Where a prisoner seeks injunctive relief, his transfer to another facility moots such requests and requires dismissal. *See Dellis v. Corrections Corp. of America*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) (citing *Kensu v. Haigh*, 97 F.3d 172, 175 (6th Cir. 1996)). As plaintiff is no longer a prisoner at the Butler County Jail, his request for a court order to correct the purported constitutional violations is moot and should be denied.

In sum, the undersigned recommends that defendants' motion for summary judgement be granted in full and that plaintiff's deliberate indifference claim, religious accommodations claim, and request for injunctive relief be dismissed.

## V. Plaintiff's Motion for an Extension (Doc. 33)

Also before the Court is plaintiff's motion for an extension of time. (Doc. 33). Plaintiff's motion consists of the following:

> I plaintiff was requested by defendants for production of documents. I am in a county jail with no funds or any councel (sic) to interact with the outside world. I have been sentenced and will be in prison in 8 to 10 weeks where I can get documents required of me. May I please have an extension until then.

*Id.* As plaintiff's motion appears to be directed at defendants' discovery requests and is not related to any pending deadline set by the Court, it is denied as moot. Plaintiff remains free to seek an extension from counsel for defendants to the extent there remain any outstanding discovery requests.

## VI. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED THAT** defendants' motion for summary judgment (Doc. 19) be **GRANTED**. Further, **IT IS ORDERED THAT** plaintiff's

motion for an extension of time (Doc. 33) is **DENIED**.

Date: 6/4/13

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LANDON M. PRICE,  
    Plaintiff,

vs.

RICHARD K. JONES, SHERIFF, *et al.*,  
    Defendants.

Case No. 1:12-cv-360

Dlott, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Landon M. Price
Boone County Jail
PO Box 898
Burlington, KY 41005

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7002 3150 0000 8389 9647

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540